I agree entirely with the Chief Justice in the very satisfactory opinion which he has given; and I go further and say that a new trial ought to be granted, even if the previous agreement had not been made, unless the jury were of opinion that the bank had in toto rejected the bond. In that case it would want an essential part of all contracts — the assent of both *Page 101 
parties. But it is quite probable, from the evidence, that the jury, if properly instructed, and if their attention had been called to the question, would have been of opinion that the bank only rejected it as acredit to Mooring, and did not intend entirely to annul it; for all declarations or words or signs must be judged of by the intent. The manner in which the judge instructed the jury is, to me, also sufficient to warrant a new trial. He charged the jury that, if they believed the testimony of Stephens, they should find the paper-writing not to be the deed of the defendant. Now, what Mr. Stephens' testimony proved was a thingon which he could not decide; that belonged to the jury. In the opinion of the court, it might prove a total rejection of the bond, while in that of the jury only the qualified and sub modo rejection just spoken of. The nature of the rejection is an inference of fact to be drawn from the evidence, which the judge has improperly drawn for himself and the jury both, leaving to the latter only to say whether the witness swore truly or not. The jury are the constitutional judges, not only of the truth of testimony, but of the conclusions of fact resulting therefrom. I would repel the interference of juries, as far as the law will warrant, in all questions of law, and in like manner the interference of the judge in matters of fact.
With regard to the objection raised in the argument in (207) this Court, that the bond is void because it is not a subject of traffic allowed by the charter of the bank, unless under special circumstances, those the plaintiffs must show in the declaration, and prove, and need not be pleaded. I do not think it would be proper to decide on it on this record; for the pleadings are very defectively stated, and the point is for the first time agitated. Non constat, but that the plaintiffs can (if at all necessary) bring this bond within its capacity to take according to the terms of the charter; and, on the other hand, should it be necessary to plead it, that object cannot be effected in this Court, which can make no amendment.